**4**

**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
Michael A. Yee (CA Bar Assn. No. 258811)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: aavery@hsmlaw.com

Attorneys for
GEOFFREY RICHARDS,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re | Case No.: 10-22751-B-7 |
| GARY DEAN SIMMEN, | DC No: HSM-003 |
| Debtor. | Date: April 20, 2010<br>Time: 9:32 a.m.<br>Place: 501 I Street,<br>Sacramento, CA<br>Ctrm. 32, 6th Flr.<br>Judge: Thomas C. Holman |

**TRUSTEE'S MOTION FOR APPROVAL OF SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND FOR ALLOWANCE OF COMPENSATION TO REAL ESTATE BROKER**

GEOFFREY RICHARDS, the duly appointed Chapter 7 Trustee herein ("Trustee"), through his counsel, Hefner, Stark & Marois, LLP ("Counsel"), moves this Court for an order authorizing the sale of the estate's interest in certain real property located at 2424 T Street, Sacramento, California 95816 ("Property"), free and clear of all interests, liens, and encumbrances, and for allowance of compensation to the Trustee's real estate broker (the "Motion"). In support thereof, the Trustee respectfully represents as follows:

1.      This case was filed as a Chapter 7 case on February 4, 2010. The Trustee was appointed as the Chapter 7 Trustee in this case on the same date, and has served in that capacity at all times thereafter.

2.      Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157

1

HEFNER, STARK & MAROIS, LLP
Sacramento, California

HEFNER, STARK & MARQUIS, LLP
Sacramento, California

and 1334; 11 U.S.C. sections 330 and 363; Federal Rules of Bankruptcy Procedure 6004 and 9014; and the reference to this court by the United States District Court for the Eastern District of California.

3. Gary Dean Simmen ("Debtor"), the Debtor herein, listed the Property on his Schedule A with a value of $450,000.00. The Debtor did not list any liens against the Property on his Schedule D. In connection with the sale of the Property, the Trustee obtained a preliminary title report for the Property. The preliminary title report showed no liens against the Property with the exception of $2,047.32 in property taxes.

4. The Trustee has entered into a purchase and sale agreement for the sale of the Property, together with Addendum No. 1, and Counter Offer No. 1 (collectively the "Agreement"). The proposed purchasers of the Property are Floyd Marvin and Christina Jewett (collectively "Buyer"). The proposed sales price of the Property is $375,000.00 ("Sales Price"). A true and correct copy of the Agreement is attached as Exhibit "A" to the Exhibits Cover Sheet filed and served herewith.

5. Based on his experience as a Chapter 7 Trustee, and consultations with his real estate brokerage firm, Century 21 Noel David Realty ("Broker"), and specifically Pat King ("Agent") of said firm, the Trustee concluded that the sales price and terms of the Agreement are fair and reasonable and in the best interests of the estate.

6. Pursuant to 11 U.S.C. § 363(f)(3), the Trustee may sell property of the estate free and clear of any interest in such property if:

> such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property[.]

Other than the property taxes, the Trustee is unaware of any liens recorded against the Property. By this Motion, the Trustee proposes that the lien of the sole secured claimant be paid in full at close of escrow.

7. Pursuant to the Debtor's Schedule C filed with the court, the Debtor claims a homestead exemption in the amount of $175,000.00. A sale of the Property on the terms and at the price outlined in the Agreement will generate sufficient funds to fully pay the property

2

taxes associated with the Property, as well as the Debtor's Homestead Exemption, anticipated commissions of $22,500.00, and anticipated costs of sale of $7,500.00 (2% of $375,000.00), leaving approximately $167,952.68 available for the estate and its creditors.

8.     The Trustee requests authorization to sell the Property pursuant to the terms of the Agreement and to take all steps necessary and appropriate to consummate the sale transaction.

9.     The proposed sale is subject to approval of this court and qualified overbids at the time of the hearing on the Motion.

10.     The proposed sale is "as is," "where is," with no representations or warranties of any kind whatsoever.

11.     The Trustee further requests, as part of this Motion, allowance of the Broker's commission totaling six percent (6%) of the Sales Price, and that such commission and other reasonable and necessary costs and expenses of closing be paid through escrow.  The Broker's commission totaling six percent (6%) shall be divided equally between the Broker and the cooperating real estate brokerage firm Grasso Real Estate, and specifically agent Edward Kroesing of said firm.  The Trustee's application to employ Broker as Trustee's real estate broker was granted on March 3, 2010.

12.     Following payment of the allowed claims, closing costs and payment of compensation to the Trustee's real estate Broker, the Trustee will retain the balance of the net sale proceeds for ultimate distribution to creditors in accordance with the provisions of the Bankruptcy Code and orders of this court.

13.     The sale of the Property is subject to overbidding.  The Trustee proposes that the initial overbid be $380,000.00 and subsequent overbids, if any, be in increments of $5,000.00.  In addition, no later than the conclusion of the hearing on this Motion, the highest bidder shall deliver to the Trustee a non-refundable deposit (the "Non-Refundable Deposit"), in the amount of $5,000.00, together with evidence demonstrating that the highest bidder has the ability to close escrow within thirty (30) days.  The Non-Refundable Deposit shall be in the form of cash, cashier's check or money order made payable to "Geoffrey Richards, Chapter

HEFNER, STARK & MAROIS, LLP
Sacramento, California

HEFNER, STARK & MAROIS, LLP
Sacramento, California

1    7 Trustee of the Gary Dean Simmen Bankruptcy Estate."

2    **WHEREFORE**, the Trustee respectfully requests the court enter an order authorizing

3    him to: 1) sell the Property to Buyer or their assigns on the terms and conditions set forth

4    above and in the Agreement, or alternatively to the successful bidder(s) at the hearing on the

5    Motion, or their assigns, on the terms and conditions approved by the court; 2) sign any and

6    all documents that may be appropriate and/or necessary to consummate the sale; and 3) pay

7    the Broker's commission totaling six percent (6%) of the Sales Price, the property taxes, and

8    other reasonable and necessary costs and expenses of closing, through escrow. The Trustee

9    further requests that the order provide for the Trustee's retention of all net sale proceeds for

10    subsequent distribution in accordance with the Bankruptcy Code and orders of the court.

11    Dated: March 25, 2010            HEFNER, STARK & MAROIS, LLP

12

13                  By

14                        Aaron A. Avery, Attorneys for
                       GEOFFREY RICHARDS, Chapter 7 Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4