FILED
April 30, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002598537

HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
Michael A. Yee (CA Bar Assn. No. 258811)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: aavery@hsmlaw.com

Attorneys for
GEOFFREY RICHARDS,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>GARY DEAN SIMMEN,<br><br>Debtor. | Case No.: 10-22751-B-7<br>DC No.: HSM-004<br>Date: June 1, 2010<br>Time: 9:32 a.m.<br>Place: 501 I Street,<br>Sacramento, CA<br>Ctrm. 32, 6th Flr.<br>Judge: Thomas C. Holman |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF ESTATE ASSETS**

GEOFFREY RICHARDS, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of GARY DEAN SIMMEN ("Debtor"), Case No. 10-22751-B-7, files this Trustee's Motion for Order Authorizing Sale of Estate Assets (the "Motion"), and in support thereof represents as follows:

1. This case was filed as a Chapter 7 case on February 4, 2010. The Trustee was appointed as the Chapter 7 Trustee in this case on the same date, and has served in that capacity at all times thereafter.

2. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157 and 1334; 11 U.S.C. section 363; Federal Rule of Bankruptcy Procedure 6004; and the reference to this court by the District Court for the Eastern District of California.

3. On his Schedule B filed herein, the Debtor listed a 2002 Dodge 2500, VIN Number

3D7HU18N22G154632 (the "Dodge"), a 2003 Chevy Silverado, VIN Number 2GCEC19VX31191288 (the "Chevy"), a 1988 Harbor Master Houseboat, Document Number 974407, Serial Number HBA43018M81L (the "Houseboat")[1], and a 2006 Kawasaki waverunner Jetski, Vessel Number CF 8082 RJ (the "Jetski") (collectively the "Assets"), with values of $6,000.00, $6,000.00, $10,000.00, and $4,000.00, respectively. The Debtor did not list any liens against the Assets on his Schedule D. The Debtor claimed an exemption in the amount of $2,550.00 in the Dodge on his Schedule C ("Dodge Exemption").

4. The Trustee and the Debtor have agreed to the terms and conditions for the purchase and sale of the Assets (the "Purchase Agreement"), the terms of the which are as follows:

a. Provided the Debtor is the successful buyer of the Dodge at the conclusion of the hearing on this Motion, the Debtor will pay the estate the sum of $2,500.00, for the estate's non-exempt interest in the Dodge ("Dodge Purchase Price");

b. Provided the Debtor is the successful buyer of the Chevy at the conclusion of the hearing on this Motion, the Debtor will pay the estate the sum of $5,000.00 for the Chevy ("Chevy Purchase Price");

c. Provided the Debtor is the successful buyer of the Houseboat at the conclusion of the hearing on this Motion, the Debtor will pay the estate the sum of $8,000.00 for the Houseboat ("Houseboat Purchase Price");

d. Provided the Debtor is the successful buyer of the Jetski at the conclusion of the hearing on this Motion, the Debtor will pay the estate the sum of $2,250.00 for the Jetski ("Jetski Purchase Price").

e. The sum of the purchase prices for each of the Assets ($17,750.00) shall be referred to as the "Total Purchase Price." The Trustee acknowledges that the Debtor has paid the Total Purchase Price for the Assets;

f. The sale of the Dodge, the Chevy, the Houseboat, and the Jetski will be

---

[1] The Houseboat is listed on Schedule B as a 1988, but may in fact be a 1981.

on an "as is," "where is," basis, with no representations or warranties, express or implied, with respect to such Assets;

  g. The Debtor shall be responsible for any and all sales, transfer, use or other taxes, and all license, registration, or other fees due or incurred in connection with the sale of the Assets;

  h. The sales of the Dodge, the Chevy, the Houseboat, and the Jetski are subject to overbidding;

  i. The Trustee proposes that overbidding on each of the Assets be in increments of $500.00;

  j. The purchase prices for each of the Assets, respectively, shall be returned to the Debtor if this Motion is denied, or if the Debtor is not the highest bidder on any of the Assets at the hearing on this Motion;

  k. If there is no overbidding for the individual Assets at the hearing on this Motion, or if the Debtor is the highest bidder on any of the individual Assets at the hearing on this Motion, or if the highest bidder for the Assets, collectively or individually, at the hearing on this Motion fails to pay for the Assets by the deadline set forth in paragraph 5 below, and the Debtor wishes to proceed to purchase the Assets, the Total Purchase Price previously paid by the Debtor shall be applied to the highest total price bid by the Debtor at the hearing on this Motion; and,

  l. The proposed sale of the Dodge, the Chevy, the Houseboat, and the Jetski, and the Purchase Agreement, are subject to bankruptcy court approval through the granting of this Motion.

5. The Trustee proposes that any persons or entities wishing to bid on the Assets be required to first become a qualified overbidder ("Qualified Overbidder") in the manner set forth below, prior to the commencement of the hearing on the Motion. No later than five (5) business days prior to the hearing on this Motion, any person or entity wishing to become a Qualified Overbidder must deliver to the Trustee a non-refundable deposit in the amount of $600.00 for the Dodge, $550.00 for the Chevy, $850.00 for the Houseboat, or $275.00 for the

HEFNER, STARK & MAROIS, LLP
Sacramento, California

Jetski (ten percent (10%) of the initial overbid amounts of $6,000.00, $5,550.00, $8,500.00, and $2,750.00, respectively) (the "Overbidder Deposits"), in the form of cash, cashier's checks or money orders made payable to "Geoffrey Richards, Chapter 7 Trustee of the Gary Dean Simmen, Bankruptcy Estate," and demonstrate to the Trustee the ability to pay the amounts of the respective purchase prices for each of the Assets by the conclusion of the hearing on this Motion. Qualified Overbidders will be permitted to bid on the Assets individually. If the Debtor is the high bidder, he shall pay his high bid for the estate's interest in the Assets for which he is the high bidder. In the event that a third party outbids the Debtor for any of the Assets, and is the court-approved buyer for any of the Assets, and the Trustee receives full payment for same by the conclusion of the hearing on this Motion, or at such other time as the court may provide, the Purchase Agreement with the Debtor shall be of no further effect with respect to those Assets for which he is not the high bidder. The third party high bidder(s) must purchase the Assets on terms identical to the Purchase Agreement set forth herein, subject to any modifications ordered by the court. If full payment from the high bidder(s) is not timely received, and the Debtor elects to be approved as a backup buyer, the Debtor shall be obligated to pay his highest bid for each of the Assets. If the highest bidder for each of the Assets fails to perform according to the above terms, the Trustee will be authorized to accept the next highest bidder, and so forth, who will similarly be required to pay the Trustee by cash, cashier's check, or money order within forty-eight (48) hours of the notification.

6. The highest bidder(s) for the Assets at the hearing on the Motion will be required to transport the Assets, at their own expense, from their present locations, within seven (7) days after entry of the order granting this Motion. The Dodge is believed to be located at 2424 T Street, Sacramento, CA; the Chevy is believed to be located with Debtor's son who lives in Sacramento; and the Houseboat and Jetski are believed to be located at Freeport Marina, 8250 Freeport Blvd, Sacramento, CA.

7. The overbidding aspect of the Motion is designed to ensure that parties interested in paying more for the Assets are given an opportunity to do so. Under the circumstances, the Trustee submits that the sale of the Assets on the terms outlined in this Motion is in the best

1 | interests of the estate and its creditors.

8. The Trustee has investigated the Assets, and believes they may be liquidated at auction, though they will not likely generate the values ascribed to them by the Debtor, and additional delay and administrative costs will be incurred. The Trustee believes that the prices for the Assets, although discounted, are reasonable in light of the age and condition of the Assets (for example, the Jetski has some damage due to a collision with a dock), and in light of the Debtor's ability to complete the sale quickly. The Trustee is satisfied that selling the Assets to the Debtor for the Total Purchase Price of $17,750.00 represents a reasonable recovery of the value of the Assets for the benefit of the estate and its creditors. In addition, since the Total Purchase Price for the Assets is a relatively small amount, good cause exists for taking up the Assets in one motion, which will reduce administrative costs to the estate.

**WHEREFORE,** the Trustee, respectfully requests the Court enter an order authorizing the sale of the Assets: 1) pursuant to the terms of the Purchase Agreement contained herein, or as otherwise ordered by the Court, subject to the above-described overbidding procedures; 2) on an "as is," "where is," basis, with no representations or warranties, express or implied; 3) with the Trustee retaining as funds of the estate all net sale proceeds for subsequent distribution in accordance with the Bankruptcy Code and orders of the court; and 4) authorizing the Trustee to take such further actions and execute such documents as are necessary to consummate the proposed sale.

Dated: April 30, 2010

HEFNER, STARK & MAROIS, LLP

By /s/ Aaron A. Avery
Aaron A. Avery, Attorneys for
GEOFFREY RICHARDS, Chapter 7 Trustee